Ilsuev, J.
With a view to coerce payment of the judgment obtained by the heirs of the deceased for the paraphernal rights of their mother, amounting to $2,353 91, they have taken a rule on the administrator to show cause why execution should not issue against him therefor.
The defence by the administrator set up is, that after deducting- from that sum the amount of the succession liabilities $1,036 95, the balance remaining, increased by the share of the deceased in the community residue $120 41, and so forming an aggregate of $1,437 37, constitutes the only funds, which after the payment of certain charges there against, he is ready and willing to pay over to them.
By the tableau filed in the District Court, which, after due legal notice was regularly homologated, the succession of the deceased was charged with certain liabilities, such as the cost of a tomb for her, her funeral expenses and other items, for which the heirs now object t'o.
Their objection to these items as succession debts, which they evidently are, is clearly untenable; besides, as they merely opposed the tableau in one particular only, without in any manner contesting the correctness of these items as charged in the tableau, the decree of homologation thereof has closed the door against any objection which they now urge.
The heirs are entitled to nothing beyond the residue of their mother’s succession, and the administrator cannot be required to pay more to them.
It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be reversed; and it is further ordered, adjudged and *489 decreed, that the rule herein taken, on June 28th, 1866, be made so far absolute that the administrator be and he is hereby required to pay over to the plaintiffs therein, the said sum of fourteen hundred and thirty-seven dollars and thirty-seven cents, after deducting therefrom such costs and charges as have been incurred since the filing of the tableau of distribution, and that appellees pay costs in both courts.